IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JENNIFER LYNN WOOTTERS,

    Petitioner,

v.

                                     2:25-CV-286-Z
                                       (2:23-CR-013-Z-BR (2))

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jennifer Lynn Wootters's *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255. ECF No. 5. For the reasons stated below, the motion is **DISMISSED**.

### BACKGROUND

The record in Wootters's underlying criminal case, No. 2:23-CR-013-Z-BR (2) (the "CR"), reflects the following:

On September 13, 2023, Wootters pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C) and 18 U.S.C. Section 2. CR ECF No. 65. On May 23, 2024, Wootters was sentenced to 120 months in prison, followed by three years of supervised release. CR ECF Nos. 97, 101. Wootters did not appeal.

On September 30, 2025, Wootters sent correspondence asking the Court to correct her sentence based on her contention that the Court should have granted her a minor-role reduction in her offense level. CR ECF No. 110. Construing the request as a Section 2255 motion, the Court sent Wootters a Section 2255 form and ordered her to file her claims on the form. She did so on February 9, 2026. ECF No. 5. Because Wootters's Section 2255 motion

appears untimely, the Court directed her to file a brief with the Court regarding whether the one-year limitations period barred her motion, or whether equitable tolling should apply. Wootters filed her response on March 17, 2026. ECF No. 7. After a review of Wootters's response, the relevant pleadings and law, the Court concludes that the Section 2255 motion is barred by limitations and should be dismissed.

LEGAL ANALYSIS

### I. Statute of Limitations

A Section 2255 motion is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f). Wootters did not appeal her conviction, so for her Section 2255 motion to have been timely under Section 2255(f)(1), she must have filed the motion no later than June 6, 2025.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Pursuant to the prison mailbox rule, Wootters filed her Section 2255 motion on

---

[1] Wootters's conviction became final on June 6, 2024, after expiration of her deadline to file a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A) (a notice of appeal must be filed within 14 days of the entry of judgment).

2

September 23, 2025, at the earliest, so her motion is untimely under Section 2255(f)(1).[2] *See* CR ECF No. 114 at 4.

## II. Equitable Tolling

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Wootters has presented no facts suggesting that she diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her Section 2255 motion. She argues that she has been in a deep depression, but she is now healthy and is "trying to fight for myself." ECF No. 7. The Fifth Circuit has recognized equitable tolling in certain cases of mental incompetence. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). "[W]hile mental illness may toll AEDPA's statute of limitations, it does not do so as a

---

[2] Wootters does not allege that Sections 2255(f)(2)-(4) apply.

3

matter of right. Furthermore, petitioner bears the burden of proving 'rare and exceptional circumstances' justifying such tolling." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). A petitioner cannot claim mental illness "without specifics," but rather must demonstrate how a federal habeas petition could not be filed "because of alleged mental illness." *Id.* at 378. Wootters provided no specifics showing how her depression prevented her from knowing or pursuing her rights within the limitations period. On this record, Wootters has not met her burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Wootters's motion to vacate under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

June **26**, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4